Filed 1/7/26  P. v. Santiago CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085214 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE423903) |
| CESAR SANTIAGO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Herbert J. Exarhos, Judge.  Affirmed.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found Cesar Santiago guilty of one count of robbery (Pen. Code, § 211) (count 1); two counts of unlawful driving and taking of a vehicle (Veh. Code, § 10851, subd. (a)) (counts 2 & 5); one count of carrying a loaded firearm in a vehicle (Pen. Code, § 25850, subd. (a)) (count 4); and one count of misdemeanor possession of a controlled substance (Health & Saf. Code,

§ 11377, subd. (a)) (count 7).  The jury also made true findings on certain firearm allegations.  (Pen. Code, §§ 12022.5, subd. (a) (count 1); 25850, subd. (c)(6) (count 4).)  The trial court sentenced Santiago to a lower term sentence of five years in prison.

Santiago's appointed appellate counsel has filed a brief which raises no claims of error and asks us to review the record independently for reversible error.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)  We offered Santiago the opportunity to file his own brief on appeal, and he did so.  After considering the issues raised by Santiago (*People v. Kelly* (2006) 40 Cal.4th 106, 110) and conducting an independent review of the entire record, we have found no arguable issues.  We according affirm the judgment.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2024, a man listed for sale on OfferUp an automotive tool known as a "key programmer," which is used to reprogram the chips in electronic automobile keys.  Using an OfferUp account under the name "Marc," Santiago responded to the offer and arranged to come to the man's house on the night of February 15, 2024, to purchase the item.  While outside the man's house, Santiago, pointed a gun at the man and took the item from him without paying for it.  The man photographed Santiago's license plate as he was driving away in a silver minivan.  Law enforcement used information obtained from OfferUp to identify Santiago as a suspect, and the victim of the robbery subsequently identified Santiago in a photographic lineup and later in court.

Shortly after the robbery, the silver minivan was located in a nearby shopping center parking lot.  The minivan's ignition lock cylinder had been

2

damaged, and Santiago's DNA was on the minivan's steering wheel. On the night of the robbery, the owner of the minivan had parked it overnight in the same shopping center parking lot where it was returned after the robbery.

On February 24, 2024, police officers pulled over a Honda CRV driven by Santiago after they noticed that its license plate information did not match the make of the vehicle. The Honda CRV that Santiago was driving had been stolen from the owner three days before. The ignition lock cylinder on the vehicle was damaged so that it could be started with any kind of flat metal object. During the traffic stop it was discovered that Santiago possessed 1.27 grams of methamphetamine and a loaded unregistered firearm. Inside the vehicle, officers found a key programmer that was the same model as the item taken in the February 15, 2024 robbery, and the victim of the February 15, 2024 robbery stated that the firearm Santiago possessed during the traffic stop was similar to the one that Santiago used in the robbery.

The crimes that took place on February 15, 2024, were originally charged in a different information (Case No. SCE423903) from the crimes discovered during the February 24, 2024 traffic stop (Case No. SDC302526). The trial court later granted the People's motion to consolidate the two informations.

A consolidated information alleged one count of robbery (Pen. Code, § 211), with the further allegation that Santiago personally used a firearm in that count (*id.*, § 12022.5, subd. (a)) (count 1); two counts of unlawful driving and taking of a vehicle (Veh. Code, § 10851, subd. (a)) (counts 2 & 5); one count of grand theft of an automobile (Pen. Code, § 487, subd. (d)(1)) (count 3); one count of carrying a loaded firearm in a vehicle (Pen Code, § 25850, subd. (a)), with the further allegation that the firearm was not registered to

Santiago (*id.*, § 25850, subd. (c)(6)) (count 4); one count of buying, selling, concealing, receiving or withholding a stolen vehicle (*id.*, § 496d) (count 6); and one count of misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) (count 7).

During motions in limine, defense counsel moved to exclude from evidence the DNA that was taken from Santiago after he was arrested in March 2024 for the February 15, 2024 robbery, as well as items found in Santiago's residence during a search conducted after that arrest. The trial court ruled that law enforcement legally obtained the evidence based on Santiago's waiver of his Fourth Amendment rights when he was released on his own recognizance after his February 24, 2024 arrest. During an in limine hearing, the trial court also rejected defense counsel's hearsay objection to evidence that OfferUp told a police investigator that the account used by "Marc" in connection with the February 15, 2024 robbery was related to another account, which the police subsequently linked to Santiago.

A jury trial was held from July 23 to July 30, 2024. The jury was instructed that count 2 was charged as an alternative to count 3, and count 5 was charged as an alternative to count 6, so that the jury should not return a verdict on count 3 or count 6 if it found Santiago guilty on count 2 or count 5, respectively. The jury found Santiago guilty on all counts, as charged, except for counts 3 and 6, for which the verdict forms were left blank. The People subsequently dismissed counts 3 and 6. The jury also made a true finding on one aggravating factor, namely that Santiago was armed with or used a firearm in the commission of the robbery.

On October 11, 2024, the trial court sentenced Santiago to a lower term sentence of five years in prison. Specifically, the trial court selected the lower term of two years on count 1, and the lower term of three years for the

4

firearm enhancement on that count. The sentences for each of the other counts were ordered to run concurrently.

## II.

## DISCUSSION

Appointed counsel for Santiago filed a brief in which counsel summarized the relevant facts and proceedings, raised no claims of error, and asked us to conduct an independent review of the record for reversible error. (See *Wende, supra*, 25 Cal.3d at p. 441 [the appellate court must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues"].)

Counsel identified the following possible issues: 1. "Whether the consolidation of cases SCE423903 and SDC302526 was proper." 2. "Whether the trial court properly denied [Santiago's] motion to suppress." 3. "Whether [a detective's] testimony regarding the connection between the two OfferUp accounts constituted inadmissible hearsay."

Santiago's supplemental brief sets forth 10 numbered items. The legal basis for Santiago's arguments are not clearly stated, but as we understand them, they fall into several categories.

First, Santiago contends that defense counsel was ineffective because he ignored or failed to investigate certain items, suggested that a possible defense witness should offer false testimony, and engaged in a "trick" to ensure consolidation of Santiago's two different criminal cases. These claims do not provide an arguable basis for an appeal because they are based on alleged facts outside of the appellate record and are therefore required to be raised in a habeas corpus proceeding. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

5

Second, Santiago contends the prosecutor committed misconduct because she did not "retract" a witness's testimony that was inconsistent with the witness's preliminary hearing testimony, and because she purportedly "falsely stated" something about an item Santiago listed for sale on his OfferUp account. We have reviewed the trial proceedings to which Santiago appears to refer, and we have not located any arguable instances of prosecutorial misconduct. Further, any appellate claim of prosecutorial misconduct is forfeited because there was no timely objection during trial. (*People v. Hill* (1998) 17 Cal.4th 800, 820.)

Third, Santiago argues that certain evidence supports a finding that he was not the person who committed the February 15, 2024 robbery. Specifically, Santiago points to aspects of his physical appearance; the possibility that the key programmer found in the vehicle he was driving on February 24, 2024, had a different serial number from the item taken during the robbery; questions about the reliability of the DNA evidence; and the fact that he did not attempt to flee during the traffic stop on February 24, 2024. If Santiago intends to argue that those facts require us to reverse his conviction, the argument is without merit. " 'When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.] We determine 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.] In so doing, a reviewing court 'presumes in support of the judgment the existence of every fact the

6

trier could reasonably deduce from the evidence.' " (*People v. Edwards* (2013) 57 Cal.4th 658, 715.)  Based on our independent review of the entire record, substantial evidence supports the verdict, even in light of the evidence that Santiago cites in his supplemental brief.

Finally, Santiago appears to contend that the evidence obtained in the search of his residence in March 2024 was improperly obtained as the result of an "unlawful warrantless search."  This contention lacks merit because it is undisputed that Santiago waived his Fourth Amendment rights when he was released on his own recognizance after his arrest on February 24, 2024.

We have reviewed the entire record for Santiago's appeal, as required by *Anders, supra*, 386 U.S. 738, and *Wende, supra*, 25 Cal.3d 436, and we have not identified any arguable grounds for reversal or modification of either of the judgment.  Santiago has received competent representation on appeal.

## DISPOSITION

The judgment is affirmed.

IRION, Acting P. J.

WE CONCUR:


DO, J.


BUCHANAN, J.